## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD C. GRIMES,

        Petitioner,

v.                       //    CIVIL ACTION NO. 1:14CV13
                              (Judge Keeley)

KAREN PSZCZOLKOWSKI, Warden,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36], GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21], AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE

The pro se petitioner, Edward C. Grimes ("Grimes"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on January 21, 2014 (Dkt. No. 1). Grimes, who is incarcerated at Northern Correctional Facility in Moundsville, West Virginia, challenges his second-degree murder conviction and forty-year sentence on multiple grounds. On June 9, 2014, the respondent, Karen Pszczolkowski ("Pszczolkowski"), filed a motion for summary judgment and response to order to show cause (Dkt. Nos. 20 and 21).

Magistrate Judge John Kaull issued his Report and Recommendation ("R&R") on December 8, 2014, in which he recommended that the Court grant Pszczolkowski's motion for summary judgment, and dismiss Grimes' petition (Dkt. No. 36). For the following reasons, the Court **ADOPTS** the R&R, **GRANTS** Pszczolkowski's motion for summary judgment, and **DISMISSES** the Petition **WITH PREJUDICE**.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

## I.  BACKGROUND

### A. Factual Background

On July 30, 2005, Grimes arrived at the Relax Inn near Martinsburg, West Virginia, to visit his girlfriend, Mary M. Davis ("Davis") (Dkt. No. 21-1 at 39).  Davis was living at the Relax Inn with her three children.  <u>Id.</u>  Michael Moneypenny ("Moneypenny"), a co-worker of Davis', had been taken by a friend to Davis' motel room after he had been beaten and pepper-sprayed in a bar.  <u>Id.</u> Davis had placed Moneypenny in her children's bed, and was cleaning his wounds when Grimes arrived.  <u>Id.</u> Grimes struck Moneypenny with his fist and with a handgun, and ejected him from the room.  <u>Id.</u> at 40.  Two of Davis' three children, Christopher and Trejon ("Trey"), were present.  <u>Id.</u>

Christopher and Trey repeatedly checked on Moneypenny, all the while telephoning Ronald Kidrick, Trey's father, to come and pick them up.  <u>Id.</u> Kidrick was reluctant to come to the motel once he discovered that Grimes was present.  <u>Id.</u>  During one call to Kidrick, Grimes took the telephone and told him, "Don't use me as a scapegoat.  If you want some, come and get some." <u>Id.</u> Kidrick asked a friend, Chris Petrucci, for a ride to the motel.  <u>Id.</u>  When

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

Kedrick arrived, Grimes was in the process of obtaining a ride away from the motel from Gabriel "Ziggy" McGuire ("McGuire"). Id.

When Kidrick and Petrucci arrived at the motel, Grimes and McGuire were walking around the parking lot, and the children were checking on Moneypenny. Id. Kidrick exited Petrucci's vehicle, and Grimes shot him in the forehead. Id. Kidrick's handgun was later found beside him. Id. Grimes fled the scene, and later claimed that he shot Kidrick in self defense. Id. at 40, 45. Kidrick was transported to the hospital, where he died several hours later; an autopsy revealed that he had consumed alcohol and cocaine within a few hours of his death. Id. at 41.

In February of 2006, Grimes was charged with first-degree murder. Id. at 43. Grimes moved the Circuit Court of Berkeley County to set bond, but his motion was denied. Id. at 99. At one point, Grimes signed a plea agreement to second-degree murder, but withdrew it after Kidrick's family objected to the agreed-upon twelve-year sentence. Id. at 98, 100.

A critical issue in Grimes' murder case was whether Kidrick or Grimes pulled a handgun first. Id. at 40-41. McGuire and six-year-old Trey were the only eyewitnesses to the shooting. McGuire

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

testified that Kidrick pulled out his weapon first, and that Grimes reacted by pulling out his weapon and shooting Kidrick. Id. at 46.

Trey gave conflicting testimony at different times as to who pulled his weapon first. The medical examiner testified that investigating officer Captain Bohrer told him that "initial reports" indicated Kidrick had pulled out a handgun first. Id. at 44. Captain Bohrer destroyed his field notes, so the courts below assumed that he had received that information from Trey, whom he interviewed at the scene. Id.

On the day of the incident, Trey was questioned by another officer at City Hospital, and stated that Grimes had pulled a weapon and shot Kidrick, without specifying who pulled his gun first. Id. In March of 2006, Captain Bohrer videotaped an interview with Trey where he stated that Grimes had pulled his weapon first. Id. In July of 2006, however, two Berkeley County prosecutors videotaped an interview with Trey, during which he stated that Kidrick was the first to pull his weapon. Id. at 45. Finally, Trey testified at trial that Kidrick pulled his gun first. Id.

On November 16, 2006, the jury returned a verdict of guilty of second-degree murder, as a lesser included offense of first-degree murder. Id. at 39. Grimes was sentenced to a determinate sentence

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

of 40 years, and restitution for Kidrick's medical expenses in the amount of $17,272.36. <u>Id.</u> at 38, 46. He was resentenced on September 24, 2007, to allow him to perfect his appeal. <u>Id.</u> at 98.

### B. Procedural Background

On January 24, 2009, Grimes appealed his conviction and sentence to the West Virginia Supreme Court of Appeals, raising multiple grounds for relief (Dkt. No. 36 at 4). On November 16, 2009, the Supreme Court of Appeals affirmed Grimes' conviction and sentence in a published opinion, <u>State v. Grimes</u>, 701 S.E.2d 449, 452 (W. Va. 2009).

Grimes filed a state habeas petition for post-conviction relief in the Circuit Court of Berkeley County (Dkt. No. 36 at 5). The court appointed habeas counsel for Grimes, and he filed a petition for writ of habeas corpus and request for an evidentiary hearing on May 22, 2012. <u>Id.</u> On November 1, 2012, the Circuit Court denied Grimes' petition. <u>Id.</u> at 5-6. Grimes appealed the denial of his post-conviction relief to the Supreme Court of Appeals, which denied his appeal by memorandum decision on November 3, 2013. <u>Id.</u> <u>Grimes v. Plumley</u>, 2013 WL 5967042 (W. Va. Nov. 8, 2013) (unpublished).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

Grimes then filed the instant § 2254 petition on January 21, 2014 (Dkt. No. 1). In his petition, Grimes raises the following grounds for relief:

• Ineffective assistance of trial and appellate counsel;

• Denial of pre-trial bond;

• Violation of his due process rights and prosecutorial misconduct stemming from the prosecutor's inappropriate and prejudicial comments to the jury;

• Violation of his due process rights because the evidence was insufficient to sustain his conviction;

• Excessive sentence;

• Trial court error by improperly admitting evidence under Rule 404(b);

• Violation of his due process rights stemming from Captain Bohrer's investigation and actions;

• Violation of his right to enter into a binding plea for a twelve-year sentence; and,

• Trial court error by failing to bar the State's witnesses from testifying after the State failed to provide their criminal histories.

Dkt. No. 6 at 7-20; Dkt. No. 36 at 7.

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36], GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21], AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE

On June 9, 2014, Pszczolkowski responded to Grimes' petition, and filed a motion for summary judgment (Dkt. Nos. 20, 21). Pszczolkowski conceded that Grimes' petition was timely filed, but argued that Grimes had failed to exhaust one of his claims (Dkt. No. 20 at 1-2). Specifically, Pszczolkowski alleged that Grimes had failed to exhaust his claim that he was denied effective assistance of counsel when counsel failed to timely object to the State calling a witness without disclosing the criminal history of that witness (Dkt. No. 22 at 7). Pszczolkowski further argued that, notwithstanding Grimes' failure to exhaust, the Court should reject his entire petition on the merits because it fails to identify how the state courts' rulings are contrary to, or an unreasonable application of, clearly established federal law. Id. at 8-9.

Grimes responded to Pszczolkowski's answer, motion, and memorandum on September 25, 2014 (Dkt. Nos. 31, 32, 33). He admitted that he had failed to exhaust one of his ineffective assistance arguments, and withdrew that ground from the petition (Dkt. No. 31 at 1). He generally reiterated the remaining allegations in his petition, and asked the Court to grant him a new trial or an evidentiary hearing in the Circuit Court (Dkt. No. 32 at 1; Dkt. No. 33 at 27).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

Magistrate Judge Kaull issued his R&R on December 8, 2014, recommending that the Court grant Pszczolkowski's motion for summary judgment and dismiss Grimes' petition (Dkt. No. 36). Magistrate Judge Kaull recommended that the Court grant Grimes' request to withdraw his unexhausted claim, and dismiss the remaining counts on the merits. Id. at 11-29. Northern Correctional Facility accepted service of the R&R on December 11, 2014 (Dkt. No. 37). To date, the Court has not received any objections from Grimes.[1]

## II.  STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F.Supp. 825 (E.D.Cal.1979). Because Grimes did not file objections to the report and recommendation, the magistrate

_____

[1] Grimes had 14 days from the date of service to file written objections to the R&R. Failure to timely file objections waives his right to appeal from the Court's judgment based on the R&R. 28 U.S.C. § 636(b)(1); United States v. Schronce, 71 F.2d 91, 94 (4th Cir. 1984).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

judge's recommendations will be reviewed under a clearly erroneous standard.

### III.  APPLICABLE LAW

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(c)(1)(A), (a). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000).  The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Anderson,

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248-52.

The Court must consider Pszczolkowski's motion for summary judgment in light of the constraints imposed by 28 U.S.C. § 2254(d), part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Section 2254 limits the power of the Court to entertain a habeas corpus petition of a state prisoner only to circumstances where he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It also imposes a requirement that a state prisoner exhaust all remedies available in state court before filing a federal petition. 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Regardless of whether the exhaustion requirement is met, a court can still deny a habeas corpus petition on the merits. 28 U.S.C. § 2254(b)(2). A court cannot grant a state court prisoner's

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],**
**AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

habeas corpus petition "with respect to any claim that was adjudicated on the merits" in the state court unless the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In addition, a state court's factual determinations are presumed to be correct unless the state prisoner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court of the United States has held that a federal court may only grant a writ of habeas corpus as to claims already adjudicated on the merits in state court under the "contrary to" clause in two circumstances: (1) the state court reaches an opposite conclusion to that of the Supreme Court on a question of law; or, (2) the state court reaches an opposite conclusion to that of the Supreme Court in a case with materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20 (2000). In addition, a federal court may only grant a writ of habeas corpus as to claims already adjudicated on the merits in state court under the "unreasonable application" clause when the state court correctly identifies the governing legal rule, but

11

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

applies it unreasonably to the facts of a particular case. Id. at 407-08, 1520-21.

In sum, § 2254 "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decisions conflict with [the Supreme] Court's precedents.  It goes no farther." Harrington v. Richter, 562 U.S. 86, __ 131 S.Ct. 770, 786 (2011).

## IV.  ANALYSIS

As previously mentioned, Grimes raised one unexhausted claim in his petition:  that trial counsel was ineffective for failing to object to the State calling a witness without disclosing the witness' criminal history (Dkt. No. 6 at 7-10).  Grimes admits that he failed to exhaust this portion of his ineffective assistance of counsel claim, and withdraws it accordingly (Dkt. No. 31 at 1). The Court construes Grimes' response as a request to sever this portion of his ineffective assistance of counsel claim, and **GRANTS** the request.  Grimes must exhaust his claim in state court before it can be the subject of a federal petition.  The Court now turns to the remaining allegations in Grimes' petition.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

### A.    Ineffective Assistance of Counsel

Grimes has alleged that both his trial and appellate counsel were ineffective in representing him (Dkt. No. 6 at 7, 20).   A convicted defendant's claim of ineffective assistance only warrants reversal of his conviction where he can show: (1) that counsel's performance was deficient; and, (2) that he was prejudiced by counsel's deficient performance.   Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

Under the AEDPA, however, the "pivotal question" for the Court is "whether the state court's application of the Strickland standard was unreasonable." Harrington, 562 U.S. at __, 131 S.Ct. at 785.   This inquiry differs from asking whether counsel's performance fell below the Strickland standard.   Id.   "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'   A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself."   Id. (quoting Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 1495 (2000)).   Even a petitioner's "strong case for relief does not mean the state court's contrary conclusion

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 1166 (2003)).

### 1.    Ineffective Assistance of Trial Counsel

Grimes alleges that his trial attorneys were ineffective because (1) they did not receive full discovery; (2) they were not prepared for trial;[2] and, (3) they behaved improperly and in a manner that prejudiced the jury (Dkt. No. 6 at 7). Specifically, Grimes alleges that one of his trial attorneys, Homer Speaker, "unduly prejudiced the jury when he inappropriately response (sic) during Court, which his emotions effected (sic) his judgement (sic) and representation of the case." Id. at 9. Apparently, Mr. Speaker was disputing whether a witness's resume had been disclosed, and the Judge admonished him, outside the presence of the jury. Id. at 9. In Grimes' state habeas case, the Circuit Court analyzed this claim, and concluded that Grimes had failed to show "that counsel's conduct was unreasonably deficient" or that the conduct affected the outcome of the trial (Dkt. No. 6-2 at 12).

Grimes also claims that counsel improperly cross-examined prosecution witness Karl Vargo regarding Kidrick's cause of death

_____

[2] Grimes' contention that trial counsel's performance was deficient because they failed to obtain criminal histories from the State's witnesses was unexhausted, and the Court previously granted Grimes' request to withdraw it.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

by "inflaming the jury about the manner of brain functions, which took away from the evidence . . . ." (Dkt. No. 6 at 9). The Circuit Court categorized counsel's cross-examination as "exactly the type of decision which involves strategy, tactics, and arguable courses of action . . . ." (Dkt. No. 6-2 at 13). This Court agrees. It is well-established that decisions primarily involving trial strategy and tactics are the province of the trial lawyer, rather than the defendant. Sexton v. French, 168 F.3d 874, 885 (4th Cir. 1998).

Grimes further claims that trial counsel "did not properly cross examine witness Mary Davis." (Dkt. No. 6 at 10). Specifically, although counsel established that Kidrick was violent and often beat Davis, he did not establish that Grimes knew that. Id. While recognizing that this fact was relevant to Grimes' theory of self-defense, the Circuit Court outlined the testimony trial counsel did extract from Davis, and concluded that Grimes "has not shown a reasonable probability that the outcome of his trial would have been different." (Dkt. No. 6-2 at 14).

Finally, Grimes claims that counsel was ineffective for failing to obtain an expert witness to testify that Kidrick's cocaine use and intoxication immediately before the incident contributed to his allegedly aggressive behavior (Dkt. No. 6 at

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

10).   The Circuit Court thoroughly analyzed this claim, and concluded that, like Grimes' other objections, the amount of emphasis as to which facts counsel put before the jury was a strategic, tactical decision (Dkt. No. 6-2 at 14).

Grimes' first complaint, that counsel's argument with the prosecutor and subsequent admonition by the judge prejudiced the jury, did not even occur within the earshot of the jury.  His other three claims are tactical matters of trial strategy, decisions that are within the province of the trial lawyer.  The Court reminds Grimes that its role is to determine whether the state habeas court's application of Strickland was reasonable, not to conduct the Strickland analysis de novo.  It concludes that the habeas court's analysis was eminently reasonable, and dismisses Grimes' ineffective assistance of trial counsel claims.

### 2.   Ineffective Assistance of Appellate Counsel

As a preliminary matter, Grimes is afforded the right to effective assistance of counsel as to his first appeal as of right.  Evitts v. Lucey, 469 U.S. 387, 396-97 (4th Cir. 2000).  The standard for ineffective assistance is the same for appellate counsel as it is for trial counsel.  See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000).  Grimes claims that appellate counsel was ineffective for failing to raise issues of sufficiency of the

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],**
**AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

evidence, which only comprised one page of the appeal brief (Dkt. No. 6 at 20). The Circuit Court noted that the sufficiency of the evidence issue was briefed and argued by trial counsel (Dkt. No. 6-2 at 15). Furthermore, the Supreme Court of Appeals specifically considered the issue in its published opinion, and declined to grant Grimes relief. Id.

On collateral review, appellate counsel is afforded the presumption that "he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Counsel is not required to assert all non-frivolous grounds on appeal, and is expected to weed out weaker arguments to focus on those more likely to prevail. Bell, 236 F.3d at 164. The petitioner will only overcome the presumption of ineffective assistance when "ignored issues are clearly stronger than those presented." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). In sum, Grimes has not shown that the Circuit Court's denial of his habeas corpus petition was contrary to clearly established federal law, or an unreasonable application of federal law. The Circuit Court's assessment under Strickland of Grimes' claim was reasonable, and this Court dismisses Grimes' claim accordingly.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

**B.    Denial of Pre-Trial Bond**

Grimes next claims that his rights were violated when the Circuit Court denied him bond, "which impeded [his] ability to assist his attorney and to obtain witnesses." (Dkt. No. 6 at 13). The state habeas court found that Grimes had waived this claim by failing to raise it on direct appeal (Dkt. No. 6-2 at 15). Notwithstanding Grimes' waiver, the habeas court found that he was not entitled to bond. See W. Va. Code § 62-1C-1(a) ("A person arrested for an offense punishable by life imprisonment may, in the discretion of the court that will have jurisdiction to try the offense, be admitted to bail.").

The court noted that Grimes had been indicted for first-degree murder, an offense punishable by life imprisonment. W. Va. Code § 61-2-2. As such, the trial court had denied him bail due to his flight risk and criminal history (Dkt. No. 6-2 at 16). Of course, Grimes has no federal right to bail. See, e.g., United States v. Salerno, 481 U.S. 739, 754, 107 S.Ct. 2095, 2105 (1987). Thus, he has failed to show that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

determination of the facts.  The Court therefore dismisses Grimes'
pre-trial bond claim.

### C.    Prosecutorial Misconduct

Grimes contends that his due process rights were violated when
the prosecutor "unreasonably attempted to play on the jury's
sympathies by discussing irrelevant information regarding certain
witnesses."  (Dkt. No. 6 at 15).  Among other examples, the
prosecutor "improperly referred to the victim's concern for his
children which counsel objected to."  Id.  The state habeas court
found that Grimes had waived this claim when he failed to raise it
on direct appeal (Dkt. No. 6-2 at 16).  Notwithstanding Grimes'
waiver, it found that he had failed to meet his burden of showing
how the prosecutor's statements rose to a constitutional level.
Id.

When a defendant asserts a prosecutorial misconduct claim, he
bears the burden of showing that the prosecutor engaged in improper
conduct, and that such conduct prejudiced his substantial rights,
so as to deny him a fair trial.  United States v. Alerre, 420 F.3d
681, 689 (4th Cir. 2005).  "The relevant question is whether the
prosecutors' comments 'so infected the trial with unfairness as to
make the resulting conviction a denial of due process.'"  Darden v.
Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471 (1986) (quoting

19

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

Donnelly v. DeChristoforo, 416 U.S. 637,643, 94 S.Ct. 1868, 1871 (1974)).

Here, Grimes has merely mentioned the allegedly inappropriate comments, without showing how they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly, 416 U.S. at 643, 94 S.Ct. at 1871. As a result, Grimes has failed to show that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts. Therefore, the Court dismisses Grimes' prosecutorial misconduct claim.

### D.    Insufficient Evidence

Grimes next claimed that the State failed to proffer sufficient evidence to convict him of second-degree murder, and that the evidence adduced from the State's witnesses did not support the jury's verdict (Dkt. No. 6 at 17). Grimes raised this issue on direct appeal, and the Supreme Court of Appeals reviewed all of the evidence presented at trial before concluding that Grimes' "culpability or self-defense . . . [was] for the jury to decide." Grimes, 701 S.E.2d at 459; Dkt. No. 6-2 at 17. The state habeas court denied Grimes' claim after concluding the same.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

Grimes has the burden of demonstrating that no rational jury could have found the essential elements of the crime of second-degree murder beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791-92 (1979). The Court must view all evidence in the light most favorable to the prosecution. <u>Id.</u> at 319, 2789.

Here, the pivotal issue of whether Grimes shot Kidrick in self-defense turned on the credibility of witnesses, including six-year-old Trey and McGuire. The Court, after viewing the evidence in the light most favorable to the State, finds that Grimes has not met his burden of showing that no rational jury could have found the essential elements of second-degree murder beyond a reasonable doubt. It defers to the jury's determination of the witnesses' credibility. <u>See</u> <u>Wright v. West</u>, 505 U.S. 277, 296, 112 S.Ct. 2482, 2492 (1992). As a result, Grimes has failed to show that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts. The Court therefore dismisses Grimes' insufficient evidence claim.

**E.   Excessive Sentence**

Grimes claims that his forty-year sentence "is grossly disproportionate to his acts as he is actually innocent . . .

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

[e]ven the victims (sic) own son stated, testified the Petitioner should not only (sic) two months in jail." (Dkt. No. 6 at 19). Grimes claimed in his state habeas petition that his sentence violates Article III, Section 5, of the West Virginia Constitution and the Eighth Amendment to the United States Constitution (Dkt. No. 6-2 at 17). The Supreme Court of Appeals previously adjudicated the same claim, and found that Grimes' sentence, which is within statutory limits, was "protected by the parameters of sound discretion." Grimes, 701 S.E.2d at 459-60 (internal citations omitted).

A prisoner cannot challenge a state court's sentencing decision under the Constitution unless it exceeds statutory limits, or is unauthorized by law. Laboy v. Carroll, 437 F.Supp.2d 260, 263 (D. Del. 2006) (citing Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645 (1947)). The Eighth Amendment prohibits sentences that are disproportionate to the crime committed, but "successful challenges to the proportionality of particular sentences [have] been exceedingly rare" outside the context of capital punishment. Rummel v. Estelle, 445 U.S. 263, 272, 100 S.Ct. 1133, 1138 (1980). See also Solem v. Helm, 463 U.S. 277, 291-92, 103 S.Ct. 3001, 3010-11 (1983) (holding that reviewing courts should look to the gravity of the offense and the harshness

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

of the penalty, the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for commission of the same crime in other jurisdictions).

In Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705 (1991), the Supreme Court clarified that a multitude of factors—including the primacy of the legislature, the variety of penological schemes, the nature of the federal system, and the requirement of objective review—inform the final principle that the Eighth Amendment only prohibits sentences that are grossly disproportionate to the crime. Id. The "grossly disproportionate" principle only applies in exceedingly rare and extreme cases. Lockyer, 538 U.S. at 72, 123 S.Ct. at 1173 (internal citations omitted).

Grimes' sentence of forty years is within the statutory limit for second-degree murder. W. Va. Code § 61-2-3. He has not presented the Court with any extraordinary factors establishing that his sentence is grossly disproportionate to the crime committed. As a result, Grimes has failed to show that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts. Therefore, the Court dismisses Grimes' excessive sentence claim.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

### F.   West Virginia Rule of Evidence 404(b)

Grimes claims that his constitutional rights were violated when the trial court allowed into evidence testimony about his fight with Moneypenny (Dkt. No. 6 at 19). According to Grimes, the trial judge improperly characterized evidence of his altercation with Moneypenny as intrinsic to the case, rather than conducting the 404(b) test.[3]  Id.

State court evidentiary rulings do not constitute due process violations unless they "were so extreme as to result in a denial of a constitutionally fair proceeding." Barbe v. McBride, 521 F.3d 443, 452 (4th Cir. 2008). Grimes must show that admission of his fight with Moneypenny was "so extremely unfair that its admission violates fundamental conceptions of 'justice.'" Dowling v. United States, 493 U.S. 342, 352, 110 S.Ct. 668, 674 (1990) (internal citations omitted).

The Supreme Court of Appeals affirmed the trial court's ruling, stating that Grimes' beating of Moneypenny "was inextricably intertwined with the shooting of Kidrick." Grimes,

---

[3] West Virginia Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is inadmissible as character evidence to show that a person acted in conformity with their character on a particular occasion. A party may, however, use such evidence for other purposes, like motive, opportunity, or intent.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

701 S.E.2d at 458-59.  As such, it was valuable in proving Grimes'
guilt.  The Court agrees that Grimes' claim fails to state a claim
for federal habeas relief, and that it further fails to rise to the
level of a due process violation (Dkt. No. 36 at 28).  Grimes has
failed to show that the state habeas court's decision was contrary
to, or involved an unreasonable application of, clearly established
federal law, or that it was based on an unreasonable determination
of the facts.  Therefore, the Court dismisses Grimes' 404(b) claim.

### G.  Violations of <u>Brady v. Maryland</u>

Grimes argues that his due process rights were violated when
Captain Bohrer destroyed his field notes from his initial
interviews with eyewitnesses because he then was unable to call key
eyewitnesses in his case-in-chief (Dkt. No. 6 at 19).  The state
habeas court denied Grimes' claim because it had been previously
considered-and denied-by the Supreme Court of Appeals (Dkt. No. 6-2
at 18-19).

Under <u>Brady v. Maryland</u>, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-
97 (1963), a defendant's due process rights are violated when the
prosecution suppresses material evidence that is favorable to the
defendant.[4]  Evidence is material "only if there is a reasonable

---

[4] The Supreme Court later extended the doctrine to impeachment
evidence, as well.  <u>State v. Youngblood</u>, 650 S.E.2d 119 (W. Va.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3384 (1985).

The Supreme Court of Appeals thoroughly reviewed the alleged contents of Captain Bohrer's destroyed field notes, and concluded that "there is no reasonable probability that the result of the proceedings would have been different" had the field notes been available. Grimes, 701 S.E.2d at 455-56. Specifically, Grimes alleges that Captain Bohrer's field notes contained Trey's statement, later related to Medical Examiner Brining, that Kidrick pulled a gun on Grimes. Id. The Supreme Court of Appeals noted, however, that Trey later gave many, varying statements to law enforcement, and was available as a trial witness. Id.

This Court agrees that Grimes was not precluded, as he claims, from calling eyewitnesses at trial due to Captain Bohrer's destruction of his notes. Indeed, Grimes' trial team called Trey as a witness. It also concurs in Magistrate Judge Kaull's recognition that Grimes cannot show a reasonable probability that, had the field notes been disclosed, the result of his trial would have been different. Grimes has failed to show that the state

―――――――――――――――

2007).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts. Therefore, the Court dismisses Grimes' <u>Brady</u> claim.

### H.    Violations of Right to Enter Into Binding Plea

Grimes claims that he should have been allowed to enter a binding plea to twelve years of imprisonment, primarily because his trial was unfair and prejudicial (Dkt. No. 6 at 19). The state habeas court declined to address this claim because it asserts, in effect, general trial error (Dkt. No. 6-2 at 19-20). Magistrate Judge Kaull also noted that Grimes' claim is factually inaccurate. The record reflects that Grimes withdrew from his plea agreement to second-degree murder after the victim's family objected to his agreed-upon twelve-year sentence. <u>Id.</u> at 19.

Even if it were accurate, Grimes' claim is not cognizable under § 2254. Again, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991) (internal citations omitted). Therefore, the Court finds that Grimes has failed to show that the

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts, and it dismisses Grimes' claim that the trial court erred by failing to allow him to enter a binding plea.

## I.    Failure to Bar the State's Witnesses from Testifying

Grimes' last claim is that he was "denied full discovery when the State did not provide the history of the witnesses (sic) criminal activity." (Dkt. No. 6 at 20). As an initial matter, the Court fails to see how this claim differs significantly from part of Grimes' ineffective assistance claim. <u>Id.</u> at 9. The habeas court noted that Grimes waived this ground when he failed to raise it on appeal (Dkt. No. 6-2 at 20). Even if Grimes had properly preserved this claim for appeal, it still amounts to general, garden-variety trial error.

As with Grimes' previous claims, the Court finds that Grimes has failed to show that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts, and it dismisses Grimes' claim that the trial court erred by failing to bar the State's witnesses from testifying.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 36), **GRANTS** Pszczolkowski's motion for summary judgment (Dkt. No. 21), and **DISMISSES** Grimes's petition with prejudice (Dkt. No. 1).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> petitioner, return receipt requested, and to enter a separate judgment order.

DATED: January 12, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254(a).

The Court finds that it is inappropriate to issue a certificate of appealability in this matter because the petitioner

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36],
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21],
AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

has not made a "substantial showing of the denial of a
constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A petitioner
satisfies this standard by demonstrating that reasonable jurists
would find that any assessment of the constitutional claims by the
district court is debatable or wrong and that any dispositive
procedural ruling by the district court is likewise debatable. <u>See</u>
<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003). Upon review of
the record, the Court finds that the petitioner has not made the
requisite showing, and **DENIES** a certificate of appealability.